Stacy M. Gabriel (#015071)
Andrew S. Ashworth (#016356)
GABRIEL & ASHWORTH, P.L.L.C.
10105 E. Via Linda
Suite 103, No. 392
Scottsdale, Arizona 85258
(480) 368-2790
(480) 391-6821 (fax)
stacy@gabrielashworth.com

Attorney for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mabelline Holsey, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Scottsdale Healthcare Hospitals dba<br>HonorHealth, an Arizona non-profit entity,<br><br>Defendant. | No. CV-16-04078-PHX-DHJ<br><br><br>**ANSWER** |

For its Answer to Plaintiff's Amended Complaint ("Amended Complaint") in the above-entitled action, Defendant Scottsdale Healthcare Hospitals dba HonorHealth ("Defendant"), an Arizona non-profit entity, admits, denies, and avers as follows, with each paragraph below corresponding to the same-numbered paragraph of the Amended Complaint:

**Nature of Action**

1.   Defendant denies the allegations in Paragraph 1 of the Amended Complaint.

2.   Defendant denies the allegations in Paragraph 2 of the Amended Complaint.

3.  Defendant denies the allegations in Paragraph 3 of the Amended Complaint.

4.  Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

5.  Defendant denies the allegations in Paragraph 5 of the Amended Complaint.

6.  Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

7.  Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

8.  Defendant denies the allegations in Paragraph 8 of the Amended Complaint.

9.  Answering Paragraph 9, Defendant admits Plaintiff reported an injury during her employment and requested an accommodation. Whether Plaintiff's requested accommodation was "reasonable" calls for a legal conclusion that requires no answer on the part of Defendant.

10. Defendant denies the allegations in Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint makes no allegation that requires an answer on the part of Defendant.  Notwithstanding the foregoing, Defendant affirmatively denies that it engaged in any wrongdoing relating to Plaintiff and that Plaintiff is entitled to recover any damages.

**Jurisdiction and Parties**

14. Upon information and belief, Defendant admits the allegations in Paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Amended Complaint.

16. Answering Paragraph 16 of the Amended Complaint, Defendant admits that Plaintiff describes events that allegedly occurred in Maricopa County, Arizona, but denies that such events give rise to liability against Defendant.

17. Defendant admits Paragraph 17 of the Amended Complaint, but denies that any amount is owed to the Plaintiff.

18. Defendant admits that jurisdiction and venue are proper in this Court.

**Allegations**

19.    Defendant denies the allegations in Paragraph 19 of the Amended Complaint and affirmatively alleges that Defendant hired Plaintiff on March 25, 2013.

20. Defendant denies the allegations in Paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22.    Defendant denies the allegations in Paragraph 22 of the Amended Complaint, but affirmatively alleges that on or around July 15, 2015, Plaintiff reported that a co-worker had made an inappropriate comment which Defendant investigated and promptly addressed.

23. Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24.    Answering Paragraph 24, Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff was "given permission by Ms. Kimzey to arrive a few minutes later to work due to family obligations," and, therefore, denies same, but admits that on or about June 28, 2015 Plaintiff received a Step 1 – Verbal Counseling by her supervisor, Amantha Nielson, for excessive tardiness.

25.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Amended Complaint and, therefore, denies same.

26.    Answering Paragraph 26 of the Amended Complaint, Defendant admits that on or about October 22, 2015, Plaintiff received a Step 2 - Written Warning from  Brenda Kimzey, Clinical Director, ICU/CCU, for excessive tardiness, but is without sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

27.    Answering Paragraph 27 of the Amended Complaint, Defendant admits that on or about November 20, 2015, Ms. Nielson sent an email to Ms. Kimzey regarding Plaintiff's poor job performance that raised patient care and safety concerns, but denies Scott Hanson, HR Director, was copied on this email.

28.     Answering Paragraph 28 of the Amended Complaint, Defendant admits that on or about November 20, 2015, Plaintiff was placed on leave pending an investigation into the patient safety concerns raised by Ms. Nielson.

29. Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 and, therefore, denies same.

31.     Answering Paragraph 31 of the Amended Complaint, Defendant did not reprimand Ms. Nielson for raising patient safety concerns related to Plaintiff's poor job performance.

32. Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Amended Complaint and, therefore, denies same. Further, whether any medical condition diagnosis Plaintiff received qualifies as a "disability" calls for a legal conclusion that requires no answer on the part of Defendant.

36.     Answering Paragraph 36 of the Amended Complaint, Defendant admits that Plaintiff requested additional time at the end of her shift to complete her charting due to an unspecified medical condition, but Plaintiff never returned the  medical condition certification paperwork Defendant supplied to her so it could consider this request. Whether Plaintiff suffers from a "disability" calls for a legal conclusion that requires no answer on the part of Defendant.

37. Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Amended Complaint and, therefore, denies same.

4

40. Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Amended Complaint and, therefore, denies same.

42.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Amended Complaint and, therefore, denies same.

43.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Amended Complaint and, therefore, denies same.

44.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Amended Complaint and, therefore, denies same.

45.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 45 of the Amended Complaint and, therefore, denies same.

46.      Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Amended Complaint and, therefore, denies same.

47.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Amended Complaint and, therefore, denies same.

48. Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendant admits that Plaintiff filed a workers' compensation claim on or about December 2015.

51. Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Answering Paragraph 52 of the Amended Complaint, Defendant admits that Plaintiff was authorized to take FMLA leave, beginning on March 24, 2016, not on March 29, 2016 as alleged.

53. Defendant admits the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 54 of the Amended Complaint and, therefore, denies same.

55. Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant  is without sufficient knowledge or information to admit or deny the allegations in Paragraph 56 of the Amended Complaint and, therefore, denies same.

57. Defendant admits the allegations in Paragraph 57 of the Amended Complaint.

**Procedural Requirements**

58. Defendant admits the allegations in Paragraph 58 of the Amended Complaint.

59. Defendant admits the allegations in Paragraph 59 of the Amended Complaint.

60. Defendant admits the allegations in Paragraph 60 of the Amended Complaint.

61. Defendant admits the allegations in Paragraph 61 of the Amended Complaint.

62. Defendant admits the allegations in Paragraph 62 of the Amended Complaint.

63. Defendant admits the allegations in Paragraph 63 of the Amended Complaint.

**COUNT I**

**Violation of American's with Disabilities Act ("ADA")**

64.     Defendant incorporates as though fully set forth herein all of its answers in the preceding paragraphs.

65.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Amended Complaint and, therefore, denies the same.

66.     Answering Paragraph 66 of the Amended Complaint, Defendant admits that Plaintiff informed Defendant she suffered from an unspecified medical condition, but whether this condition qualifies as a disability under the ADA calls for a legal conclusion that requires no answer on the part of Defendant.

67. Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

**COUNT II**

**Violation of Title VII and ACRA – Hostile Work Environment**

69.    Answering Paragraph 69 of the Amended Complaint, Count II was dismissed by Order of the Court dated March 15, 2017.

70.    Answering Paragraph 70 of the Amended Complaint, Count II was dismissed by Order of the Court dated March 15, 2017.

71.    Answering Paragraph 71 of the Amended Complaint, Count II was dismissed by Order of the Court dated March 15, 2017.

72.    Answering Paragraph 72 of the Amended Complaint, Count II was dismissed by Order of the Court dated March 15, 2017.

73.    Answering Paragraph 73 of the Amended Complaint, Count II was dismissed by Order of the Court dated March 15, 2017.

74.    Answering Paragraph 74 of the Amended Complaint, Count II was dismissed by Order of the Court dated March 15, 2017.

## COUNT III

### Violation of Title VII and ACRA – Disparate Treatment

75.  Defendant incorporates as though fully set forth herein all of its answers in the preceding paragraphs.

76.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Amended Complaint and, therefore, denies same.

77.    Answering Paragraph 77 of the Amended Complaint, Defendant admits Plaintiff received a verbal and then written warning about her chronic tardiness, but is without sufficient knowledge or information to admit or deny when these warnings were issued in relation to the alleged permission to arrive late for her shift as alleged in Paragraph 76 above and, therefore, denies same.

78.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Amended Complaint and, therefore, denies same.

79. Defendant denies the allegations in Paragraph 79 of the Amended Complaint.

7

80.   Defendant is without sufficient knowledge or information to or information to admit or deny the allegations in Paragraph 80 of the Amended Complaint and, therefore, denies same.

81.   Answering Paragraph 81 of the Amended Complaint, Defendant admits, upon information and belief, that Plaintiff is an African-American woman.   Whether Plaintiff is a member of a protected class calls for a legal conclusion that requires no answer on the part of Defendant.

82. Defendant denies the allegations in Paragraph 82 of the Amended Complaint.

## COUNT IV

## Disparate Treatment Under Section 1981

83.   Defendant incorporates as though fully set forth herein all of its answers in the preceding paragraphs.

84. Defendant denies the allegations in Paragraph 84 of the Amended Complaint.

85.   Defendant is without sufficient knowledge or information to  admit or deny the allegations in Paragraph 85 of the Amended Complaint and, therefore, denies same.

86. Defendant denies the allegations in Paragraph 86 of the Amended Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Amended Complaint.

89.   Answering Paragraph 89 of the Amended Complaint, Defendant admits that Ms. Nielson sent an email to Ms. Kimzey regarding Plaintiff's poor job performance, that raised patient care and safety concerns, but denies Scott Hanson, HR Director, was copied on this email.

90.   Answering Paragraph 90 of the Amended Complaint, Defendant admits that on Plaintiff was placed on leave pending an investigation into the patient safety concerns raised by Ms. Kimzey.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 90.

91.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 90 of the Amended Complaint and, therefore, denies same.

92. Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Amended Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Amended Complaint.

**Prayer for Relief**

Defendant denies that Plaintiff is entitled to the relief requested, or any relief at all.

**AFFIRMATIVE DEFENSES**

1.     The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred because the employment decisions about which she complains were taken for reasons other than her race, gender, or alleged disability.

3.     Defendant engaged in good faith efforts, in consultation with Plaintiff, to accommodate her medical condition.  Accordingly, Plaintiff is not entitled to an award of damages under 42 U.S.C. §1981a.  See 42 U.S.C. §1981a(a)(3).

4.     Plaintiff was unable to perform the essential requirements of her position, with or without reasonable accommodation.

5.     Plaintiff has not alleged facts sufficient to support an award of compensatory or punitive damages under federal or state law.

6.     To the extent the Amended Complaint alleges physical or emotional injury, the exclusive remedy of the Arizona Worker's Compensation statute bars any recovery.

7.     Plaintiff's claims are barred or reduced to the extent she failed to properly mitigate her alleged damages.

8.     At the time of this Answer to the Amended Complaint, Defendant does not know which, if any, further affirmative defenses apply.  Rather than waive the same, Defendant alleges, as though fully set forth herein, *in haec verba*, all affirmative defenses

required to be set forth by the Federal Rules of Civil Procedure and applicable substantive law.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant respectfully requests judgment in its favor as follows:

1.     that Plaintiff's Amended Complaint against Defendant be dismissed with prejudice and that Plaintiff take nothing thereby;

2.     that Defendant be awarded its costs and attorneys' fees; and

3.     that Defendant be awarded such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 28th day of March, 2017.

GABRIEL & ASHWORTH, P.L.L.C.


By:     s/ Stacy M. Gabriel
        Stacy M. Gabriel
        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronically mailed to Plaintiff at the following email address:

Mabelline Holsey
16515 N. 71st Drive
Peoria, AZ 85282
bsweetbell09@gmail.com

 s/ Stacy M. Gabriel